UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICIA MACCHIAVELLO, on behalf of herself and
all other persons similarly situated,

                                Plaintiff,

  -against-

ABB/CON-CISE OPTICAL GROUP LLC,

                               Defendant.
------------------------------------------------------------------------X

**CLASS ACTION COMPLAINT**

Plaintiff, PATRICIA MACCHIAVELLO ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, ABB/CON-CISE OPTICAL GROUP LLC ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendant who worked for Defendant in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violations of New York Labor Law § 191 ("NYLL"). Plaintiff seeks injunctive and declaratory relief, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to NYLL § 198.

2. Defendant is a manufacturer and distributor of contact lenses.

3. Defendant employs hourly-paid employees in the State of New York engaged in the shipping, receiving and manufacturing optical products who are "manual workers" within the meaning of NYLL § 190(4). Plaintiff and other Class Members spend more than twenty-five percent of their hours worked each week performing manual tasks.

1

4. At all relevant times, Defendant compensated Plaintiff and similarly situated current and former employees of Defendant who are/were manual workers in the State of New York on a bi-weekly basis in violation of NYLL § 191.

5. Defendant failed to properly pay Plaintiff and similarly situated current and former employees their wages within seven calendar days after the end of the week in which these wages were earned. Thus, Defendant failed to provide timely wages to Plaintiff and similarly situated current and former employees who work or have worked for Defendant in the State of New York in violation of NYLL § 191.

6. Plaintiff brings this action on behalf of herself, and all other persons similarly situated who work or have worked for Defendant in hourly-paid positions in the State of New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of NYLL § 191. Persons who work or have worked for Defendant in executive, managerial, sales and/or clerical positions are not members of the class that Plaintiff seeks to represent.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). This is a putative class action in which there are 100 or more members in the proposed class, any member of the proposed class is a citizen of a state and any defendant is a citizen of a different state, and the amount in controversy exceeds the sum of $5,000,000.00 in the aggregate.

8. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and Plaintiff suffered the losses at issue in this District.

**PARTIES**

9. Plaintiff is a resident of the State of New York.

10. Defendant is a limited liability company organized under the laws of Delaware with its principal place of business in Coral Springs, Florida. As an unincorporated association, Defendant's citizenship under CAFA is determined pursuant to section 1332(d)(10).[1]

11. Plaintiff was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

12. Defendant is/was an "employer" within the meaning of NYLL § 190(3).

**RULE 23 CLASS ACTION ALLEGATIONS**
**NEW YORK STATE LABOR LAW**

13. Plaintiff brings New York Labor Law claims on behalf of herself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant in an hourly paid position in shipping, receiving and manufacturing in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

14. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. Upon information and belief, there are more than 100 Class Members who have worked for Defendant in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from

---

[1] The standard for determining the citizenship of an unincorporated association under CAFA differs from that applied to a complaint that invokes diversity of citizenship, in which the citizenship of an unincorporated association is determined according to the citizenship of each member.

Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

15. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over 100 individuals who are currently, or have been, employed by Defendant in positions at any time during the six (6) years prior to the filing of the initial Complaint.

16. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of New York Labor Law section 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

17. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

18. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

21. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

22. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

23. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

24. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## PLAINTIFF'S FACTUAL ALLEGATIONS

25. Plaintiff was employed by Defendant as a shipping and receiving clerk from in or about November 2021 to in or about July 2022.

26. Plaintiff's job duties included picking and packing orders. Plaintiff spent more than twenty-five percent of her hours worked each week performing manual tasks including, but not limited to, standing for long periods, walking, bending, reaching with hands and arms, and lifting and moving up to 25 pounds.

27. Defendant employs hourly paid workers in manufacturing who spend more than twenty-five percent of their hours worked each week performing manual tasks. Manufacturing employees are engaged in washing/cleaning lenses; picking lenses; box making; binning orders; lens marking; engraving lenses; tinting lenses; and assembling frames. Manufacturing employees spend more than twenty-five percent of their hours worked each week performing manual tasks including, standing for long periods, walking, bending, using tools, reaching with hands and arms, and lifting and/or moving up to 25 pounds.

28. Defendant failed to pay Plaintiff and Class Members "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required

by NYLL § 191. Instead, Defendant paid Plaintiff and Class Members on a bi-weekly basis pursuant to its payroll policy in violation of NYLL § 191.

29. Plaintiff and Class Members suffered an underpayment of wages each pay period because Defendant failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

30. Plaintiff and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

31. Each time that Plaintiff and Class Members received late compensation for the work that they performed, Defendant underpaid them for the work that they performed.

32. Each time that Defendant failed to pay Plaintiff her wages earned within seven days of the end of the workweek, Defendant deprived Plaintiff of the use of money that belonged to her. As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that she needed or wanted to buy. Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money.

33. By way of example, these delayed wages prevented Plaintiff and Class Members from spending money earned on a host of everyday expenses and to provide for their basic needs including, but not limited to, purchasing food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education tuition and expenses, daycare or childcare, public transportation, and other basic living expenses.

34. By Defendant's failure to pay Plaintiff and Class Members their wages earned within seven days of the end of their workweeks and retaining money that belonged to them, Plaintiff and Class Members lost the time value of money.

35. Additionally, Defendant's delayed payment of wages forced Plaintiff and Class Members to forgo purchasing goods and services until a later time after their receipt of their late paid wages. Because of inflation, being an ever-increasing scourge throughout the Covid-19 pandemic and recent events, Plaintiff and Class Members were required to pay increased prices for the goods and services that they otherwise would have purchased at an earlier date were their wages lawfully paid on a weekly basis.

36. By retaining these wages earned beyond the timeframes set by NYLL § 191, Defendant benefitted from the time value of money and their free use of such funds, at the expense of Plaintiff and Class Members. For example, during the interval of these delayed wage payments, Defendant was free to utilize those funds to purchase goods and services, pay rent or mortgages on its facilities and retail stores, pay installment payments and purchase fuel for its company-owned vehicles, pay for marketing and other business expenses, and accrue interest on those funds in its business accounts.

## FIRST CLAIM FOR RELIEF
## FREQUENCY OF PAYMENT VIOLATION

37. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

38. Plaintiff and Class Members are "manual workers" as defined by the New York Labor Law.

39. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

40. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiffs and Class Members bi-weekly in violation of NYLL § 191.

41. Plaintiff and Class Members suffered an underpayment of wages each pay period because Defendant failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

42. Plaintiff and Class Members are entitled to liquidated damages in an amount equal to the total of the delayed wages, plus reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(ii.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(iv.) Damages pursuant to NYLL § 198;

(v.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vi.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
October 4, 2022

        LAW OFFICE OF PETER A. ROMERO PLLC

By: */s Peter A. Romero*
PETER A. ROMERO, ESQ.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

9