UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PATRICIA MACCHIAVELLO, on behalf of            :
herself and all other persons similarly situated,    :
                  Plaintiff,            :            **OPINION AND ORDER**
v.                                                            :
                         :            22 CV 8468 (VB)
ABB/CON-CISE OPTICAL GROUP LLC,            :
                Defendant.            :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Patricia Macchiavello brings this putative class action against her former employer,

defendant ABB/CON-CISE Optical Group LLC, alleging violations of New York Labor Law

("NYLL") Section 191(1)(a), which requires that manual workers, like plaintiff, be paid their wages

on a weekly basis.

      Now pending is defendant's motion to dismiss the complaint pursuant to Rules 12(b)(1) and

12(b)(6), or, alternatively, to strike the class allegations pursuant to Rule 12(f).  (Doc. #20).

      For the reasons set forth below, the motion is DENIED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## BACKGROUND

      For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded

factual allegations in the complaint and the documents integral thereto, drawing all reasonable

inferences in plaintiff's favor, as summarized below.

      Defendant, a company headquartered in Florida, allegedly employs manual workers across the

country to manufacture and distribute eye care products.  Plaintiff, a New York resident, alleges she

worked as a shipping and receiving clerk at defendant's New York location from approximately

November 2021 to July 2022.  During this time, plaintiff claims her job duties included picking and

packing orders.  Because allegedly more than twenty-five percent of her weekly hours included performing manual tasks such as "standing for long periods, walking, bending, reaching with hands and arms, and lifting and moving up to 25 pounds," plaintiff alleges she is considered a "manual worker" within the meaning of NYLL § 190(4).  (Doc. #1 ("Compl.") ¶¶ 11, 26).

Defendant purportedly paid plaintiff, and similarly situated manual workers, every other week during the entirety of their employment.  As a result, plaintiff alleges defendant violated Section 191, which requires employers to pay manual workers on a weekly basis, unless the New York Department of Labor authorizes the employer to pay less frequently.  NYLL § 191(1)(a)(i).

Plaintiff asserts injury in that she was temporarily deprived of money owed to her when paid late.  Specifically, plaintiff alleges she lost "the time value of money" (Compl. ¶ 34), and she and those similarly situated suffered significant, real-world injuries as a result of defendant's pay practices, such as being unable to pay for "everyday expenses and to provide for their basic needs" such as "food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education tuition and expenses, daycare or childcare, public transportation, and other basic living expenses."  (Id. ¶ 33).  In addition, to vindicate the rights of plaintiff and other similarly situated employees,[1] plaintiff seeks declaratory relief, liquidated damages, attorney's fees, and costs under NYLL § 198.  (Id. at 9).

_____

[1]     Plaintiff defines the proposed class as "all persons who are currently, or have been, employed by the Defendant in an hourly paid position in shipping, receiving and manufacturing in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action."  (Id. ¶ 13).

## DISCUSSION

I.    Legal Standard

    A.    Rule 12(b)(1)

A district court must dismiss an action pursuant to Rule 12(b)(1) "for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it."  Conn. Parents Union v. Russell-Tucker, 8 F.4th 167, 172 (2d Cir. 2021).[2]

When deciding a Rule 12(b)(1) motion at the pleading stage, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor," except for "argumentative inferences favorable to the party asserting jurisdiction."  Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order).  To the extent a Rule 12(b)(1) motion places jurisdictional facts in dispute, the district court may resolve the disputed jurisdictional fact issues by referring to evidence outside the pleadings.  Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011).

In addition, when a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the court should consider the Rule 12(b)(1) challenge first.  Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

    B.    Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the

---

[2]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

C.    Rule 12(f)

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "Motions to strike are generally looked upon with disfavor."  Chenensky v. N.Y. Life Ins. Co., 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011).  Motions to strike class allegations are "even more disfavored" because they seek "to preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the [class certification] discovery to which they would otherwise be entitled."  Id.  Thus, unless a motion to strike class allegations "addresses issues separate and apart from the issues that will be decided on a class certification motion," the motion should be denied as premature.  Chen-Oster v. Goldman, Sachs & Co., 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012).

4

II.    Standing

Defendant argues plaintiff has not alleged a concrete and actual injury sufficient to confer

standing.

The Court disagrees.

"The 'irreducible constitutional minimum' of standing in federal court requires: an (1) 'injury

in fact'; (2) that is 'fairly traceable' to a defendant's challenged conduct; and (3) that is 'likely to be

redressed' by a favorable decision."   Mejia v. Time Warner Cable Inc., 2017 WL 3278926, at *7

(S.D.N.Y. Aug. 1, 2017) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)).  "To

support standing, an injury must be both 'concrete and particularized.'"  Id. (quoting Spokeo, Inc. v.

Robins, 136 S. Ct. 1540, 1548 (2016)).  Indeed, "a 'bare' statutory violation is insufficient to confer

constitutional standing absent some 'concrete' harm."  Id. (citing Spokeo, Inc. v. Robins, 136 S. Ct. at

1549); see also TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2205 (2021) ("Only those plaintiffs who

have been concretely harmed by a defendant's statutory violation may sue that private defendant over

that violation in federal court.").

Courts in this Circuit "have commonly held that the temporary deprivation of money to which

a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing."  Espinal v.

Sephora USA, Inc., 2022 WL 16973328, at *3 (S.D.N.Y. Nov. 16, 2022) (collecting cases), report and

recommendation adopted, 2023 WL 2136392 (S.D.N.Y. Feb. 21, 2023).

Plaintiff alleges she and the members of the putative class were temporarily deprived of wages

to which they were legally entitled and thus they lost the time value of this money, which satisfies

Article III's injury-in-fact requirement.  See, e.g., Nunez v. Exec. Le Soleil N.Y. LLC, 2023 WL

3319613, at *3, *5 (S.D.N.Y. May 9, 2023) (finding a plaintiff's "temporary deprivation of wages"

alone "constituted a concrete, cognizable harm").  Courts in this Circuit have routinely held "workers

5

paid on an untimely basis necessarily incur a concrete harm due to the time value of money and thus have standing to claim damages" under NYLL § 191, together with the remedial provisions of NYLL § 198.  Ramirez v. Urion Constr. LLC, 2023 WL 3570639, at *7 (S.D.N.Y. May 19, 2023) (collecting cases); see Jones v. Nike Retail Servs., Inc., 2022 WL 4007056, at *1 (E.D.N.Y. Aug. 30, 2022) ("Temporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing.  Every day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money.  That injury is especially acute for those workers who are generally dependent upon their wages for sustenance.").

Defendant is incorrect that plaintiff must detail in her complaint how she would have spent her wages had they been received on a weekly basis, and that otherwise any alleged harm is "purely hypothetical, and insufficient to establish Article III standing."  (Doc. #21 ("Def. Mem.") at 23).  As other courts have recognized, there is no "binding precedent . . . requir[ing] a plaintiff to specify how [s]he intended to take advantage of the time value of [her] wages if they had not been improperly withheld for a period of time."  Gillett v. Zara USA, Inc., 2022 WL 3285275, at *7 (S.D.N.Y. Aug. 10, 2022).  Indeed, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support a claim."  Lujan v. Defs. of Wildlife, 504 U.S. at 561.

Regardless, plaintiff goes beyond what is required by Supreme Court and Second Circuit precedent and alleges delayed wages prevented her and class members from spending money on everyday expenses such as groceries, rent, and mortgage payments.  See Levy v. Endeavor Air Inc., 2022 WL 16645829, at *4 ("Plaintiffs need not . . . spell out how the time value of money, as an

economic theory, applies to their case.").[3]

Accordingly, plaintiff has adequately pleaded injury-in-fact to establish standing.

III.    Private Right of Action

Defendant argues NYLL § 191 does not expressly create a private right of action or suggest that such a right may be inferred from it, and that NYLL § 198 does not afford liquidated damages for such a violation.[4]

The Court disagrees.

In Vega v. CM & Assocs. Constr. Mgmt., LLC ("Vega"), the Appellate Division, First Department, found the combination of Sections 191 and 198 provide both an implied and an express private right of action and held that late payment constitutes underpayment within the meaning of the statute.  175 A.D.3d 1144, 1146 (1st Dep't 2019) ("Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191.").  Liquidated damages, therefore, "may be available under Labor Law § 198(1-a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages."  Id.

---

[3]     The district court cases on which defendant relies, such as Rath v. Jo-Ann Stores, 2022 WL 3701163 (W.D.N.Y. Aug. 26, 2022), and Rosario v. Icon Burger Acquisition LLC, 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022), "are outliers in requiring more particularized allegations and are inconsistent with the familiar pleading standard."  Nunez v. Exec. Le Soleil New York LLC, 2023 WL 3319613, at *4.

[4]     Defendant's argument that imposing liquidated damages violates due process because such a remedy would be unconstitutionally excessive is premature.  See Farina v. Metro. Transp. Auth., 409 F. Supp. 3d 173, 220 (S.D.N.Y. 2019) ("A motion to dismiss is addressed to a 'claim' – not to a form of damages.").  No damages have been awarded, so there is no award for the Court to assess for excessiveness.  And even if defendant were correct that liquidated damages equal to the amount of all late payments would violate the Due Process Clause, "defendant[] has offered no reason why it would be entitled to dismissal of plaintiff's claim, rather than a reduction in damages."  Rodrigue v. Lowe's Home Ctrs., 2021 WL 3848268, at *6 (E.D.N.Y. Aug. 27, 2021).

Although defendant urges the Court to reject the holding in Vega,[5] that would require defendant to demonstrate "the highest court of the state is likely to reject Vega's reasoning." Rankine v. Levi Strauss & Co., 2023 WL 3582323, at *5 (S.D.N.Y. May 22, 2023). Without such data or contrary authority, "[f]ederal courts applying state law 'are generally obliged to follow the state law decisions of state intermediate appellate courts.'" Gillett v. Zara USA, Inc., 2022 WL 3285275, at *11 (quoting Broder v. Cablevision Sys. Corp., 418 F.3d 187, 199–200 (2d Cir. 2005)).

Defendant argues the New York Court of Appeals is likely to reject Vega (Def. Mem. at 1, 12), but does not meaningfully dispute that every court in this Circuit to consider that decision has followed its construction of the NYLL. See, e.g., Carrera v. DT Hosp. Grp., 2021 WL 6298656, at *10 (S.D.N.Y. Nov. 1, 2021), report and recommendation adopted, 2021 WL 6298654 (S.D.N.Y. Dec. 7, 2021) (collecting cases).

Instead, defendant retreads the same arguments that have consistently been rejected by decisions adhering to Vega, for instance, by proffering Konkur v. Utica Acad. of Sci. Charter Sch., 38 N.Y.3d 38 (2022), as sufficiently persuasive evidence to reject Vega. (Def. Mem. at 9, 12). In Konkur, the Court of Appeals considered whether NYLL § 198-b, which prohibits wage kickbacks

---

[5]    Additionally, in one sentence, defendant argues plaintiff has not plausibly alleged she was a manual worker covered by NYLL Section 191's protections. (Def. Mem. at 12). The Court disagrees.

NYLL § 190(4) defines a manual worker as "a mechanic, workingman or laborer." The Department of Labor interprets this provision to include "employees who spend more than 25 percent of their working time performing physical labor." N.Y. Dep't of Labor Opinion Letter, No. RO-09-0066 (May 21, 2009). Plaintiff alleges more than 25 percent of her responsibilities included manual labor, and provides specific examples: "standing for long periods, walking, bending, reaching with hands and arms, and lifting and moving up to 25 pounds." (Compl. ¶ 26). Such allegations are generally sufficient to survive a Rule 12(b)(6) motion to dismiss. See Levy v. Endeavor Air, 2022 WL 16645829, at *4 n.5 (E.D.N.Y. Nov. 1, 2022) (finding motion to dismiss on grounds that plaintiff was not a manual laborer "would [not] likely succeed" where plaintiff "alleges that more than 25% of her work involves physical labor, and lists specific tasks as examples.").

and lacks an express private right of action, contains an implied private right of action.  The court held

that Section 198-b did not have an implied private right of action, based on its review of that section's

legislative history.  Konkur v. Utica Acad. of Sci. Charter Sch., 38 N.Y.3d at 39, 40–45.

      First, defendant fails to recognize that the Vega court found the combination of Sections 191

and 198(1-a) to provide both an implied and an express private right of action, holding that late

payment constitutes underpayment within the meaning of the statute.  See Vega v. CM & Assocs.

Constr. Mgmt., LLC, 175 A.D.3d at 1146.  Therefore, even if the Court of Appeals were to agree with

Konkur that an express private right of action is required, Vega's conclusion that a late payment claim

meets the express statutory underpayment claim elements could nevertheless survive.

      Second, Konkur did not address whether Sections 191 and 198(1-a) provide a private right of

action for untimely paid wages, but rather addressed whether there was an implied right of action

under Section 198-b, which does not have an express private right of action and prohibits wage

kickbacks.  See Elhassa v. Hallmark Aviation Servs., L.P., 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24,

2022).  Thus, "Konkur does not rise to the level of 'persuasive evidence' that the Court of Appeals

would reject Vega.  Konkur addressed an implied cause of action for a different and unrelated

provision of the NYLL."  Georgiou v. Harmon Stores, Inc., 2023 WL 112805, at *6 (E.D.N.Y. Dec.

29, 2022); accord, Rosario v. Icon Burger Acquisition LLC, 2022 WL 17553319, at *5 (E.D.N.Y. Dec.

9, 2022) ("[S]everal district courts within this Circuit have already analyzed this issue and all have

concurred that Konkur does not affect the core holding of Vega.").

      In addition, defendant's other arguments, which seek to relitigate Vega (see, e.g., Def. Mem. at

7–14 (arguing Vega is inconsistent with the legislative history and intent of Sections 191 and 198), and

id. at 4–6 (arguing Vega is inconsistent with enforcement schemes for violations of the NYLL)), are

equally unavailing.  See Rankine v. Levi Strauss & Co., 2023 WL 3582323, at *6.

Accordingly, plaintiff's claim shall proceed.

IV.     Class Allegations

Defendant argues that the Court, in its discretion, should strike plaintiff's class allegations, as plaintiff cannot meet Rule 23's commonality and predominance requirements, and each claim raises numerous individualized inquiries that would otherwise defeat a class certification motion. (Def. Mem. at 24–25).

The Court disagrees.

"A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly." Robidoux v. Celani, 987 F.2d 931, 937 (2d Cir. 1993). Courts have "broad discretion to modify the class definition as appropriate." In re LIBOR-Based Fin. Instruments Antitrust Litig., 2018 WL 1229761, at *7 (S.D.N.Y. Feb. 28, 2018). Modifying the class definition may be particularly appropriate at the certification stage, including the certification of subclasses. See Robdioux v. Celani, 987 F.2d at 937; see also Fed. R. Civ. P. 23(c)(5) ("When appropriate, a class may be divided into subclasses that are each treated as a class under this rule."); id. 23(d)(1)(D) (a court "may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly").

Moreover, "a determination of whether the Rule 23 requirements are met is more properly deferred to the class certification stage, when a more complete factual record can aid the Court in making this determination." Greene v. Gerber Prods. Co., 262 F. Supp. 3d 38, 52 (E.D.N.Y. 2017).

Here, the motion to strike is premature because it is based on grounds that are not "separate and apart from the issues that will be decided on a class certification motion." See Chen-Oster v. Goldman, Sachs & Co., 877 F. Supp. 2d at 117. And defendant has not demonstrated "it would be

10

impossible to certify the alleged class regardless of the facts Plaintiffs may be able to obtain during discovery."  Mayfield v. Asta Funding, Inc., 95 F. Supp. 3d 685, 696 (2015).

Accordingly, the motion to strike must be denied.  Defendant may re-assert its arguments, if appropriate, at the class certification stage.

## CONCLUSION

The motion to dismiss or to strike is DENIED.  (Doc. #20)

By August 2, 2023, defendant shall file an answer to the complaint.

By separate Order, the Court will schedule an initial conference.

The Clerk is instructed to terminate the motion.  (Doc. #20).

Dated: July 19, 2023
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge